PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER BERKHEIMER, ) | |
| ) | CASE NO. 4:11CV02270 |
| Petitioner, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| STEPHANIE MILO, *et al.*, ) | |
| ) | |
| Respondent. ) | **MEMORANDUM OF OPINION & ORDER** |

## I. INTRODUCTION

Before the Court are substituted Defendant the United States of America's ("United States") motion to dismiss Plaintiff Christopher Berkheimer's ("Berkheimer") Complaint (ECF No. 4), Berkheimer's Motion to withdraw his attorney, Nomiki P. Tsarnas, from the instant case (ECF No. 6), Defendants Stephen Milo ("S. Milo") and Gerald Milo's ("G. Milo") motion to remand their counterclaims to State court (ECF No. 8), and two motions to excuse the appearance of the United States Postal Service ("USPS") Representative and the Lead Counsel for Defendant State Farm Insurance ("State Farm") from the Case Management Conference (ECF No. 9), filed by the United States (ECF No. 11) and State Farm (ECF No.14), respectively. For the reasons discussed below, the Court grants both the motion to dismiss (ECF No. 4) and the motion to remand (ECF No. 8), and denies as moot the remaining motions (ECF Nos. 6, 11 & 14). Thus, Berkheimer's claims against the United States are dismissed without prejudice, and the remaining State law claims are hereby remanded to the Court of Common Pleas for

(4:11cv02270)

Columbiana County, Ohio.

## II.  FACTUAL BACKGROUND and PROCEDURAL HISTORY

This suit is a tort action originally filed in the Court of Common Pleas for Columbiana County, Ohio on August 5, 2011.  In the Complaint, Berkheimer lodges three state law causes of action against Defendants S. Milo, G. Milo, State Farm, and three John Does based upon the allegation that S. Milo "negligently operated a motor vehicle into a vehicle operated by [Berkheimer]."  ECF No. 1-2 at 3.  Berkheimer further claims that as a result of this alleged negligence, he "suffered injuries to his body causing pain and suffering, and will continue to suffer said pain and suffering into the future and upon a permanent basis."  ECF No. 1-2 at 3.

On August 26, 2011, Defendants S. Milo and G. Milo filed an Answer and lodged a counterclaim against Berkheimer.[1]  On November 24, 2011, the United States removed the case to this Court (ECF No. 1), and filed a Notice of Substitution informing the Court that the United States would be substituted as Defendant in place of S. Milo (ECF No. 3) because the claims asserted against S. Milo fell within the scope of the Federal Tort Claims Act ("FTCA") as S. Milo was a Rural Letter Carrier for the USPS and was acting within the scope of her employment at the time of the accident (ECF No. 4-2).[2]

Within three days of removing this action, on October 27, 2011, the United States moved the Court to dismiss this action pursuant to Rule 12(b)(1) of the Federal Rules of Civil

---

[1] *See* http://www.ccclerk.org/pa/paCRTV.urd/pamw2000.docket_lst?44935928

[2] The FTCA requires the removal of those actions commenced in State court, and the substitution of the United States as the party-defendant, upon certification by the Attorney General that the defendant-employee was acting within the scope of his office or employment at the time of the incident.  *See* 28 U.S.C. § 2679(d)(2).

(4:11cv02270)

Procedure.  ECF No. 4.  On November 8, 2011, both S. Milo and G. Milo moved the Court to remand their counterclaims back to State court for further adjudication, in the event that the Court grants the United State's motion to dismiss.  ECF No. 8.  State Farm filed both an Answer and Crossclaim against Defendants S. Milo and G. Milo on November 31, 2011.  ECF No. 10.

On December 2, 2011, the United States moved the Court to excuse the appearance of the USPS Representative from the Court's scheduled Case Management Conference scheduled for December 19, 2011.  ECF No. 11.  Six days later, State Farm filed a motion requesting that the Court excuse its Lead Counsel from the conference as well.  ECF No. 14.

Currently, all pending motions remain unopposed.

### III.  DISCUSSION

**A.  Motion to Dismiss**

In its motion to dismiss, the United States moves the Court for an order dismissing Berkheimer's causes of action for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1) because Berkheimer failed to exhaust his administrative remedies by not filing an administrative claim as required under the FTCA.  ECF No. 4.

The FTCA provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a).  The Supreme Court has stated that this provision shows "Congress

(4:11cv02270)

intended to require complete exhaustion of Executive remedies before invocation of the judicial process." *McNeil v. United States*, 508 U.S. 106, 112 (1993). In other words, filing an administrative claim with the government agency under which the alleged tortious conduct occurred is a jurisdictional prerequisite to obtaining judicial review under the FTCA. *See Blakely v. United States*, 276 F.3d 853, 864 (6th Cir. 2002); *Joelson v. United States*, 86 F.3d 1413, 1422 (6th Cir. 1996). Thus, failing to comply with that prerequisite is grounds for dismissing a claim under the FTCA. *See Goosby v. United States*, 545 F. Supp. 2d 725, 733 (W.D. Tenn. 2008) (providing a list of cases that were dismissed because the plaintiff failed to file an administrative claim).

The record before the Court lacks any indication that Berkheimer filed an administrative claim. Berkheimer's Complaint does not allege that he filed an administrative claim, nor has he filed any pleadings asserting that he fulfilled this requirement.[3] Therefore, the Court finds that the asserted actions against substituted Defendant the United States are dismissed for lack of subject matter jurisdiction. *See Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996) (indicating that for a jurisdictional challenge under Fed. R. Civ. P 12(b)(1), the plaintiff bears the burden of proving sufficient facts to support subject matter jurisdiction).

### B. Remaining Claims

Remaining are Plaintiff's State law claims asserted against non-federal Defendants in addition to counterclaims and crossclaims. It is settled law that the district court may exercise

---

[3] On October 25, 2011, the Court notified Berkheimer's attorney, Nomiki P. Tsarnas, that there lacked any record of Tsarnas being admitted to practice in the Northern District of Ohio. On October 28, 2011, Berkheimer's counsel filed a motion to withdraw. ECF No. 6. Berkheimer had been placed on notice of his apparent failure to meet a jurisdictional requirement and, with or without counsel, left that allegation unanswered.

(4:11cv02270)

jurisdiction over a supplemental State law claim, even after the basis for removal to federal court has been eliminated, if recommended by a careful consideration of factors such as judicial economy, convenience, fairness, and comity. See *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988). But "[g]enerally, 'if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.'" *Taylor v. First of America Bank-Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). Thus, the Court declines to exercise supplemental jurisdiction over the remaining state law claims, and therefore grants Defendants S. Milo and G. Milo's motion to remand their counterclaims to State Court. The Court likewise remands all additional asserted claims and denies as moot the remaining motions on the Court's docket.

## IV. CONCLUSION

For the reasons discussed above, the United State's motion to dismiss (ECF No. 4) is hereby granted, and the claims against the United States are dismissed without prejudice. Defendants S. Milo and G. Milo's motion to remand is granted. ECF No. 8. The remaining State law claims are hereby remanded to the Court of Common Pleas for Columbiana County, Ohio. And all outstanding motions on the Court's docket are denied as moot. ECF Nos. 6, 11 & 14.

The Case Management Conference scheduled for December 19, 2011 is cancelled and the matter is closed on the docket of the undersigned.

IT IS SO ORDERED.

(4:11cv02270)

 December 16, 2011      */s/ Benita Y. Pearson*
Date     Benita Y. Pearson
    United States District Judge